2025 IL App (1st) 242183-U

FOURTH DIVISION
February 13, 2025

No. 1-24-2183B

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24CR02780 |
| | ) | |
| HIEP LUU, | ) | Honorable |
| | ) | Joseph Cataldo, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

ORDER

¶ 1    *Held*:   The appeal is dismissed as moot.

¶ 2    Defendant Hiep Luu appeals from orders of the circuit court of Cook County denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 *et seq.* (West 2022), as amended by Public Act 101-652 § 10-255 (eff. Jan 1, 2023)), commonly known as the Safety, Accountability, Fairness and Equity-Today Act (Act). Mr. Luu contends that the court erred in finding that the State met each of its burdens because he acted in self-defense, did not pose a threat to any person, or person, or the community, and that any threat

he posed could have been mitigated with less restrictive conditions than detention. For the reasons that follow, the appeal is dismissed as moot.

¶ 3                                    BACKGROUND

¶ 4      On February 19, 2024, Mr. Luu was arrested and subsequently charged with attempted first-degree murder (720 ILCS 5/9-1(a)(1) (West 2022), 720 ILCS 5/8-4(a) (West 2022)), aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2022)), and aggravated battery (720 ILCS 5/12-3.05(a)(4) (West 2022)).

¶ 5      On February 21, 2024, the State filed a petition for pretrial detention, arguing Mr. Luu posed a real and present threat to the safety of any person within the community. The State proffered the following facts: Mr. Luu lived in a Barrington duplex with his 63-year-old brother Lam Luu, and 77-year-old sister Nu Tran[1]. Mr. Luu and his wife lived in a unit on one side of the duplex, while Lam and Ms. Tran lived on the other. Lam and Ms. Tran owned both sides of the duplex. An interior sunroom connected the two units. Mr. Luu's siblings had a key to Mr. Luu's unit. Ms. Tran previously lived with Mr. Luu but moved in with Lam due to past altercations with Mr. Luu. Lam was responsible for taking care of Ms. Tran, who suffered from bone cancer, diabetes, dementia, and mobility issues.

¶ 6      On the date of the incident, at approximately 6:30 p.m., Lam and Ms. Tran finished eating dinner in their unit and Lam went outside to smoke a cigarette. Ms. Tran went to Mr. Luu's unit to retrieve a pair of pants she had previously left there. Ms. Tran did not realize Mr. Luu was home.

---

[1] As Hiep Luu and Lam Luu share a surname, we refer to Lam by his first name.

Once she entered the unit, Mr. Luu came downstairs and saw her. He became angry and yelled at her to leave.

¶ 7    As Ms. Tran returned to her unit, Mr. Luu grabbed a cleaver-style knife from the kitchen. He ran after her, yelling that he was going to kill her. Ms. Tran fell to the ground and screamed for Lam. Hearing the commotion, Lam ran inside to the sunroom. Mr. Luu then entered the sunroom and struck Lam with the knife, causing Lam to fall to the ground. While slashing at Lam, Mr. Luu yelled "I'll kill you" multiple times. He grabbed Lam from behind, held the knife to his neck, and slashed him across his neck. Lam escaped from Mr. Luu and locked the door between the two units. Lam sustained multiple knife lacerations to his head, neck and body. The police were then contacted.

¶ 8    The State informed the trial court that Mr. Luu did not have a criminal background, and his pretrial assessment was a new activity scale of one out of six and a failure to appear scale of one out of six. The State argued that Mr. Luu posed a real and present threat to the safety of the community, specifically to his siblings as they share a common room with a door between the two units. It also noted the nature of the attack, pointing out Mr. Luu struck Lam with a "lethal weapon." It concluded its argument stating that no condition or combination of conditions would mitigate the risk Mr. Luu poses to the victim because they reside in the same building.

¶ 9    In response, defense counsel argued that Lam and Ms. Tran entered Mr. Luu's home unlawfully. Mr. Luu also suffered a series of injuries due to the altercation, including multiple lacerations and a torn tendon to his knee. Defense counsel alleged that Mr. Luu was defending himself against Lam and Ms. Tran and argued that there were less restrictive conditions available to Mr. Luu other than detention.

¶ 10    In mitigation, defense counsel proffered that Mr. Luu was 72 years old and did not have a background. He was married and had one child. He delivered food part-time, and his wife was also employed. Defense counsel offered that Mr. Luu could find another place to stay or could be placed on GPS monitoring.

¶ 11    The trial court ruled that the Stated had proved by clear and convincing evidence that the proof was evident and the presumption great that Mr. Luu had committed attempted first-degree murder and aggravated domestic battery. The court found that he posed a real and present threat to any person, or the community, based on the facts proffered by the State. It noted that Mr. Luu attacked his sibling with a "meat cleaver-style knife," injuring the victim who required hospital care. It also noted that Mr. Luu threatened to kill his sibling, chased him, and slashed his throat. It then found that no condition or combination of conditions would mitigate the threat Mr. Luu posed, highlighting that Mr. Luu lived next door to the victim.

¶ 12    On October 7, 2024, Mr. Luu filed a motion for relief from the detention order. He was heard on the motion on October 30, 2024, he claimed his actions were in self-defense. He alleged that Ms. Tran had a history of violent outbursts and had previously attacked Mr. Luu. He asserted that on the day of the incident, Ms. Tran broke into his home and attacked him. Claiming that his actions were justified, he argued the State failed to meet its burden of proof. He also argued that he is no longer a threat to his siblings because their residence had been foreclosed upon. The circuit court denied Mr. Luu's motion. He filed his notice of appeal on October 31, 2024.

¶ 13    On February 10, 2025, while this appeal was pending, Mr. Luu pleaded guilty to one count of aggravated battery with a deadly weapon and was sentenced to four years' imprisonment.

¶ 14                                          ANALYSIS

¶ 15    We note that we have jurisdiction to consider this matter, as Mr. Luu filed a timely notice of appeal. See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Apr. 15, 2024).

¶ 16    Mr. Luu did not file an appellant memorandum and stands on his motion for relief. In his motion, he alleged that the trial court erred by finding that (1) the proof was evident and the presumption great he committed the charged offenses; (2) he posed a threat to a person, persons, or the community; and (3) no condition or combination of conditions could mitigate the threat to others.

¶ 17    "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *Triumph Community Bank v. IRED Elmhurst, LLC*, 2021 IL App (2d) 200108, ¶ 55. When there is no actual controversy or where the issue has ceased to exist, the appeal is considered moot. *IRED Elmhurst, LLC*, 2021 IL App (2d) 200108, ¶ 55. An appeal must be dismissed when "intervening events have rendered it impossible for the reviewing court to grant effectual relief to the complaining party." *IRED Elmhurst, LLC*, 2021 IL App (2d) 200108, ¶ 55.

¶ 18    In this case, the pretrial detainment is no longer at issue because he pleaded guilty and has been sentenced. No judgment by this court regarding his motion for relief would affect Mr. Luu and his post-plea term of incarceration, which he is currently serving. Therefore, we dismiss the appeal as moot.

¶ 19                                    CONCLUSION

¶ 20    For the foregoing reasons, we dismiss the appeal as moot.

¶ 21    Appeal dismissed.